IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANNA RUTH WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | FILE NO. |
| | ) | |
| TIMOTHY F. S. COBB; | ) | |
| SPORTZERRY, INC.; and | ) | |
| F-52 SPORTS, INC. | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Anna Ruth Williams, brings this breach of contract and Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), action against her former joint employers, Timothy F.S. Cobb, Sportzerry, Inc., and F-52 Sports, Inc (collectively, "Defendants"). In support thereof, Plaintiff respectfully requests the Court consider the following:

### I. Introduction

1.

Defendants hired Ms. Williams as Public Relations Manager on or around May 30, 2012, with a salary of $5,000.00/month, payable bi-weekly.

2.

Among other things, Ms. Williams was responsible for monitoring competitors' websites, keeping meeting notes and setting agendas, assisting in the development of F-52 Sports' social marketing campaign, and attending marketing events.

3.

From May 30, 2012 until July 31, 2012, Ms. Williams dutifully and faithfully performed all the duties assigned to her by the Defendants.

4.

Despite Ms. Williams's efforts, however, Defendants failed to pay her *anything at all* for her work.

5.

After Defendants' constant explanations and failed promises, and after working for two months without pay, Ms. Williams ended her employment with Defendants on or around July 31, 2012.

6.

To date, Defendants have underpaid Ms. Williams in excess of $10,880.00

in breach of their contract and in violation of the FLSA.

## II. Parties, Jurisdiction, and Venue

7.

Plaintiff, Anna Ruth Williams, is a resident and citizen of the State of Georgia. Ms. Williams resides in the City of Atlanta.

8.

Mr. Cobb was Ms. Williams's employer from May 30, 2012 until July 31, 2012. Mr. Cobb is a Georgia resident and may be served with process at his residence at 361 17th Street, NW, Suite 2024, Atlanta, Georgia 30363.

9.

Sportzerry, Inc. was Ms. Williams's employer from May 30, 2012 until July 31, 2012. Sportzerry is a Georgia corporation with its principal place of business located at 361 17th Street, NW, Suite 2024, Atlanta, Georgia. Sportzerry may be served through its registered agent, Timothy F.S. Cobb at 361 17th Street, NW, Suite 2024, Atlanta, Georgia 30363.

10.

Throughout Ms. Williams employment, Sportzerry was an employer

engaged in commerce and therefore subject to the FLSA under 29 U.S.C. §§ 203(b) and (d)

11.

F-52 Sport, Inc. ("F-52") was Ms. Williams's employer from May 30, 2012 until July 31, 2012.  Upon information and belief, F-52 is a Delaware Corporation and a wholly owned subsidiary of Sportzerry.  Although F-52 is not authorized to transact business in Georgia, it has been transacting business and entering contracts here since at least May 1, 2012.  F-52 may be served through its registered agent, Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, Delaware, 19901.

12.

Throughout Ms. Williams's employment, F-52 was an employer engaged in commerce and therefore subject to the FLSA under 29 U.S.C. §§ 203(b) and (d).

13.

This case arises under the FLSA and thus presents a federal question. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction over the state-law breach of contract claim is predicated

under 28 U.S.C. § 1367.

14.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) because Defendants Sportzerry and Mr. Cobb reside in the City of Atlanta, which is in this Court's Atlanta Division.  Venue is also proper pursuant to O.C.G.A. § 1391 in this District because all events giving rise to this cause of action occurred in this district.

15.

This Court has personal jurisdiction over Mr. Cobb and Sportzerry because they are Georgia residents.  This Court further has personal jurisdiction over F-52 because it has repeatedly, continuously, and systematically transacted business in Georgia.

### III.    Plaintiff's Employment

16.

On or around May 11, 2012, Defendants offered Ms. Williams a full-time position as a Director of Communications at a salary of $5,000.00 per month.

17.

In addition to the salary, Defendants also promised Ms. Williams stock options and benefits, including health benefits, as inducement for employment.

18.

On May 12, 2012, Ms. Williams accepted the offer and began working for Defendants on or around May 30, 2012.

19.

Mr. Cobb was directly and solely responsible for establishing, creating, and, in necessary, modifying all of Ms. Williams's job duties, title, compensation, and benefits.

20.

Ms. Williams reported directly to Mr. Cobb and F-52's Director of Sales & Business Development.

21.

As part of her job, Ms. Williams was charged with maintaining Defendants' social media presence, organizing and planning team meetings, keeping meeting minutes, monitoring the online presence of Defendants and Defendants'

competitors, and performing other office tasks.

22.

On or around June 15, 2012, Ms. Williams was entitled to her first paycheck from Defendants; it never arrived.

23.

On or around June 30, 2012, Ms. Williams was entitled to her second paycheck from Defendants; it never arrived.

24.

On or around July 15, 2012, Ms. Williams was entitled to her third paycheck; it never arrived.

25.

On or around July 31, 2012, Ms. Williams was entitled to her fourth paycheck; it never arrived.

26.

Ms. Williams repeatedly asked Mr. Cobb about Defendants failure to pay her.

27.

In response to Ms. Williams's inquires, Mr. Cobb blamed banking errors or financing problems, but insisted that Ms. Williams continue to work.

28.

On at least one occasion, Mr. Cobb offered to compensate Ms. Williams in "gift cards." The promised "gift cards" never came.

29.

Despite never receiving a salary, Ms. Williams continued working diligently and faithfully for Defendants for two months.

30.

On or around July 31, 2012, Ms. Williams resigned from Defendants because she had not been paid at all.

31.

In addition to not getting paid, Ms. Williams submitted expense reports for purchases benefiting Defendants in the amount of $418.53.

32.

Defendants never compensated Ms. Williams for her expenses.

33.

On multiple weeks, Ms. Williams worked in excess of forty hours for Defendants.

### Count One: Failure to Pay Minimum Wage in Violation of FLSA

34.

Plaintiff hereby incorporates by reference Paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35.

Defendants never compensated Ms. Williams at even the minimum wage mandated by the FLSA in violation of 29 U.S.C. § 206.

36.

Upon information and belief, Defendants failed to keep all records as required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Ms. Williams for the time period required by law.

37.

Defendants acted willfully in failing to pay the minimum wage required by

the FLSA.

38.

Ms. Williams is entitled to recover the unpaid compensation owed to her, an equivalent amount in liquidated damages, and her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Count Two: Failure to Pay Overtime in Violation of FLSA

39.

Plaintiff hereby incorporates by reference Paragraphs 1 through 38 of this Complaint as if set forth fully herein.

40.

Defendants failed to ever compensate Ms. Williams for overtime hours worked during the relevant period in violation of 29 U.S.C. § 207.

41.

Upon information and belief, Defendants failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Ms. Williams for the time period required by law.

42.

Defendants acted willfully in failing to pay the overtime compensation required by the FLSA to Ms. Williams.

43.

Ms. Williams is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **Count Three: Breach of Contract**

44.

Plaintiff hereby incorporates by reference Paragraphs 1 through 43 of this Complaint as if set forth fully herein.

45.

Defendants entered into an employment contract in which they agreed to compensate Ms. Williams at a rate of $5,000.00 per month, payable bi-weekly.

46.

Defendants breached the employment contract by failing to ever pay Ms. Williams for the time she worked.

47.

Ms. Williams fully and faithfully performed all of her duties under the employment contract.

48.

Defendants are liable for their breach of contract.

WHEREFORE, Plaintiff requests the Court enter the following relief:

A.   An award of damages in amount to be proven at trial for Defendants' violation of the FLSA, but in no event less than $10,880.00

B.   An award of liquidated damage for Defendants' willful violations of the FLSA;

C.   An award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

D.   An award for Defendants' breach of contract in an amount of not less than $10,880.00;

E.   All other and further relief as the Court finds just and proper.

Respectfully submitted this 3rd day of August, 2012.

                                                  <u>s/Logan B. Winkles</u>
Logan B. Winkles
Georgia Bar Number: 136906
CANNON, MIHILL & WINKLES, LLC
1355 Peachtree Street
Suite 1570
Atlanta, Georgia 30309
(T) 404-891-6700
(F) 678-965-1751